FILED
CLERK, U.S. DISTRICT COURT

2/13/2015

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO QUINTANA,<br><br>    Petitioner,<br><br>    v.<br><br>MATTHEW L. CATE, Warden,<br><br>    Respondent. | NO. CV 12-6372-MWF (AS)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. After having made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

Petitioner is serving a sentence of twenty-five years to life. Petitioner asserts that he has a right to specific performance of his plea agreement, *i.e.*, that his parole eligibility must be calculated according to the agreement, which would result in parole eligibility after 20 years instead of 25 years. (Respondent believes his parole date would then be August 2018.) More specifically, Petitioner claims that specific performance is a constitutional right clearly established in *Santobello v. New York*, 404 U.S. 257 (1971), and therefore his claim is cognizable under AEDPA, 28 U.S.C.

§ 2254(d)(1). The Magistrate Judge agreed, and has issued a Report and Recommendation (Docket No. 56) (the "Report") that the First Amended Petition be granted. Respondent filed his Objections to Report and Recommendation of United States Magistrate Judge (Docket No. 59) ("Objections"), to which Petitioner through counsel filed a Response to State's Objections to Report & Recommendations. (Docket No. 60).

The Court has carefully considered Respondent's Objections. Not surprisingly, Respondent claims that the Report substitutes the judgment of the Ninth Circuit for that of the California courts, in that *Santobello* does not clearly establish any right applicable in Petitioner's circumstances, which require specific performance in violation of state law. (Objections at 3-5). In particular, Respondent objects to the reliance on Ninth Circuit cases. (*Id.* at 4:17 to 5:14). In addition, Respondent asserts that the Report displayed insufficient deference to the ruling of the Los Angeles Superior Court on Petitioner's state petition, which the California Supreme Court summarily affirmed. (Objections at 5-7). The superior court held an evidentiary hearing and issued a reasoned opinion that the plea agreement was violated, but that specific performance would violate California law and was therefore unavailable. (Report at 3).

This Court and the Magistrate Judge certainly have respect for AEDPA and the superior court and Respondent's Objections are not frivolous. Nonetheless, the Objections must be overruled. The Magistrate Judge properly focused on the narrow issue presented – whether *Santobello* clearly established a constitutional right as to which the the superior court made an unreasonable application. (Report at 15-16). On *this* issue, Ninth Circuit precedent applies to subsequent panels and to this Court. *See Marshall v. Rodgers*, 133 S. Ct. 1446, 1450-51 (2013) (an appellate panel may "look to circuit precedent to ascertain whether it has already held that the particular point in issue is clearly established by Supreme Court precedent. . . .") Under the view of *Santobello* expressed in the cited cases, it is simply not possible to determine

otherwise. *Davis v. Woodford*, 446 F.3d 657, 692 (9th Cir. 2006) (enforcing agreement despite subsequent change in law); *Buckley v. Terhune*, 441 F.3d 688, 699 (9th Cir. 2006) (en banc) (ordering specific performance of plea bargain even though second-degree murder did not allow that sentence); *Brown v. Poole*, 337 F.3d 1155, 1161 (9th Cir. 2003) (plea induced by an unfulfillable promise is subject to challenge).

And so we come to *Sanchez v. LaMarque*, 237 F.3d Appx. 302, 303 (9th Cir. 2007), upon which the Magistrate Judge relied. (Report at 14, 29-30). Respondent fails to mention *Sanchez* in his Objections but did attempt (vainly) to distinguish the decision before the Magistrate Judge and it was noted by the superior court. *Sanchez* involved virtually identical facts to those here and an identical legal posture. (*Id.*). If it were a published decision, then there would be no question that the First Amended Petition must be granted, at least as far as a district court would be concerned. But even as an unpublished decision, it is still available to be cited. Fed. R. App. P. 32.1(a); Circuit Rule 36-3(b). And it would appear that the *Sanchez* panel viewed its decision under AEDPA as a routine application of the cited cases, which in turn applied *Santobello*.

The real objection here, and it is an important one, is that all these cases reflect an unfortunate habit of this Circuit of relying on its own cases instead of Supreme Court cases. *See Lopez v. Smith*, 135 S. Ct. 1, 4 (2014) (criticizing the Circuit for relying on its own case law); *Deck v. Jenkins*, 768 F.3d 1015, 1031 (9th Cir. 2014) (Smith, J., dissenting) ("[T]he majority commits the same error the Supreme Court has criticized our court for making time after time by collapsing the distinction between an unreasonable application of federal law and what [the majority] believes to be an incorrect or erroneous application of federal law.") (quotations omitted); *Ayala v. Wong*, 756 F.3d 656, 717 (9th Cir. 2013) (Ikuta, J., dissenting from denial of rehearing en banc) ("In reaching [the conclusion that the court may review a state court decision holding that any potential federal constitutional error was harmless, de novo], the panel majority ignores the clear command of AEDPA and

3

the Supreme Court, and creates a circuit split."), *cert. granted sub nom. Chappell v. Ayala*, 135 S. Ct. 401 (2014) .  However, it is not for this Court to interpret *Lopez* as overruling specific Ninth Circuit cases.  Whether *Lopez* overrules the cases here is a question for the Ninth Circuit or the Supreme Court.

Accordingly, the Objections are overruled, and this Court adopts the Report and Recommendation of the Magistrate Judge.  In granting the First Amended Petition, the Court uses language suggested by Respondent.  (Answer at 16 n.9) (Docket No. 48).   Respondent has represented that a combination of eligibility after 20 years combined with presentence custody credit of 281 days results in parole eligibility in August 2018.  (*Id.*)

IT IS ORDERED that the Petition be CONDITIONALLY GRANTED. Within ninety (90) days of the entry of Judgment herein, Respondent shall release Petitioner on parole unless, within that period of time, the California Department of Corrections and Rehabilitation recalculates Petitioner's initial parole eligibility date, by permitting Petitioner to receive post-conviction credits towards his sentence, in conformity with the terms of his plea agreement and consistent with the law discussed in the Report and Recommendation.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on Petitioner, counsel for Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 13, 2015

_____
MICHAEL W. FITZGERALD
United States District Judge